■ BETTY FRIED, Appellant, v. MERVIN FRIED, Respondent.— In an action for a declaratory judgment; for an injunction restraining the plaintiff's husband from prosecuting an action for a divorce in the State of Georgia; and for a separation, the plaintiff appeals from so much of an order of the Supreme Court, Queens County, dated October 31, 1962, as denied her motion for tempo-

rary alimony and counsel fees; for prospective accountant's fees; and for sole occupancy of the premises owned by the parties as tenants by the entirety, with a direction that the husband pay the carrying charges of the premises. Order modified by adding to its second decretal paragraph (which denies the motion for temporary alimony and counsel fees) a provision granting plaintiff leave to apply to the trial court for an award of counsel fees. As so modified, order, insofar as appealed from, affirmed, without costs. The stipulation entered into in open court in a prior action for a separation by the husband against his wife is susceptible of the interpretation that it was intended as a separation agreement, thus barring the right to temporary alimony and counsel fees (*Brock* v. *Brock*, 1 A D 2d 973; *Yunis* v. *Yunis*, 286 App. Div. 1126). However, whether the parties in fact had such intention should not be determined on affidavits, but after a trial. Though an award for counsel fees may be made to a wife in an action to restrain her husband from prosecuting an action for a divorce in another State (Civ. Prac. Act, § 1169-a; Domestic Relations Law, § 237), the wife here had paid $1,000 as a retainer fee to her attorney, and Special Term properly considered such payment in denying her motion (*Hirschberg* v. *Hirschberg*, 7 A D 2d 869; *Glazer* v. *Glazer*, 12 A D 2d 936). Under the circumstances, however, the wife should be granted leave to present her application for counsel fees to the trial court, which may then make such allowance therefor, if any, as may be appropriate on the basis of all the proof adduced. Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.